## COURT OF APPEALS.

GABRIEL DISSOSWAY, respondent agt. JOSEPH C. WINANT, appellant.

The affirmance, by *referees*, of an order of commissioners of highways, laying out a public highway, gives the referees a *prima facie* right to recover their fees of the *appellant ;* and the enforcement of this right is not in any sense the execution of the order ; consequently such right is not suspended by the suing out of a *certiorari*, upon such order, to the supreme court.

The statute gives to each referee two dollars for every day employed in the hearing and decision of such appeal or appeals. And where there are several appeals taken by different persons from the same order of the commissioners, which are all heard at the same time, the referees are entitled to two dollars for each day occupied in the hearing, as of one appeal only—not two dollars a day as against *each appellant, separately.*

It is undoubtedly consistent for the referees to give each appellant a *separate hearing*, in which event each would be liable for the time occupied in his particular appeal, although the question was the same in all.

Where all the appeals are heard as one, all the appellants are to be regarded as the party appealing, and all *jointly* liable to pay the referees' fees. Consequently, where the referees in such case bring an action against one of the appellants severally, for their fees, the action cannot be sustained, where the defendant sets up, in his answer, the non-joinder of the other appellants.

Dissosway agt. Winant.

*June Term,* 1859.

THE respondent applied to the commissioners of highways of the town of Westfield, Richmond county, to lay out a highway in said town.

Said highway was laid out by the commissioners, and the appellant and three others, brought separate appeals from the entire order, to the county judge of the county; referees were appointed, and the four appeals were heard together by them, the appellants all appearing by the same counsel.

The referees affirmed the order of the commissioners—charged two dollars a day to each appellant, for sixteen days running, in hearing the appeals, that being the time occupied, and assigned their claim to the plaintiff, who brought this action against the defendant to recover ninety-six dollars, that being two dollars a day to each commissioner.

The plaintiff recovered, and after affirmance of the judgment by the general term, the defendant appealed to this court.

The appellant after affirmance of the order, sued out a *certiorari* to the supreme court, which was pending undetermined, at the time of the trial. The defendant, in his answer, insisted upon the non-joinder of the other appellants as a defense.

W. G. CHOATE, *for respondent.*
M. HALE *and* S. HAND, *for appellant.*

GROVER, J. The counsel for the appellant insists that the pendency of the *certiorari* suspends the right of the referees to collect their fees from the appellants until its determination, and cites in support of the position authorities showing that a *certiorari* stays the execution of orders in certain special proceedings.

The statute (*Laws of* 1847, *chap.* 455, § 9), provides that when the order appealed from shall be affirmed, the fees of the referees shall be paid by the appellant, and in case of a reversal, by the county.

The affirmance of the order by the referees, gave them a *prima facie* right to recover their fees of the appellant, and the enforcement of this right is not in any sense the execution of the order. Consequently, this right is not suspended by suing out the *certiorari*. The referees had the right to assign this demand, the same as any other, and the assignee can maintain an action for its recovery in his own name.

It appears from the opinion of the general term, that the court held that the referees could only recover two dollars a day each, for time spent in hearing all the appeals, and were not entitled to recover this sum from each appellant. In this conclusion I think the court was clearly right. The language of section 9 (*supra*) is, that each referee shall be entitled to receive two dollars for every day employed in the hearing and decision of such appeal or appeals. The only compensation the referees are entitled to is that given by statute, and it is manifest that the statute only gives to a referee two dollars for each day employed in hearing the appeals.

If this required any additional argument, that would be found in the fact that all these appeals presented the same question, and must all be decided in the same way, and that nothing was or could be pertinent to the determination of one, that was not equally applicable to all. The same referees must of necessity dispose of all the appeals. As above remarked, the general term so decided, but further held, that each appellant was jointly and severally bound, under the facts of this case, to pay the entire fees of the referees, and that, therefore, the judgment of ninety-six dollars in favor of the plaintiff, must be affirmed, notwithstanding the appellant in his answer had set up the nonjoinder of the other appellants.

In this latter conclusion I think the court erred. It was undoubtedly consistent for the referees to give each appellant a separate hearing, in which event each would be liable for the time occupied in the hearing of his particular appeal, although the question was the same in all.

It will be seen from the statute, that an appeal is given to

Dissosway agt. Winant.

any one conceiving himself aggrieved by the determination of the commissioners. The appellants may be very numerous.

The language of the statute is, that the referees shall, in case the determination of the commissioners be affirmed, be paid by the parties appealing.

In the present case, where all the appeals were heard as one, I think the construction of the statute is, that all the appellants are to be regarded as the party appealing, and all jointly liable to pay the fees.

The general term must have adopted this conclusion, for they held that all were jointly liable. The result would be the same if the joint liability was deduced from the fact that by the assent of the appellants, all were heard together as one appeal.

This would make all jointly liable. But how is a several liability for the whole fees created? Clearly not upon the latter ground; for when several unite in employing the services of others, where they have a common interest, a joint but not several liability to pay the compensation is created, whether the amount of compensation is fixed by law or not.

A several liability for the payment of all the fees cannot be based upon the statute, for that makes each appellant liable for the payment of the fees of hearing his own appeal, but no liability for the hearing of the appeal of any other.

It cannot, I think, be held that all the fees accrued for hearing the defendant's appeal, and none for hearing the other three, for this would place it in the power of the referees to compel any one of the four to pay all the fees, without any remedy against the others. My conclusion is, that in the present case the appellants were jointly but not severally liable for the fees, and that, therefore, the nonjoinder of the others was an available defense.

If wrong in this, and there is any several liability, that can only extend to the proportion devolving upon each, which in the absence of proof would be one quarter.

It will be the proper time to determine questions arising

when separate appeals form portions of the order have been taken, when such a case is before the court.

The judgment appealed from should be reversed and a new trial ordered, costs to abide the event.